## STEWART v. MEADOWS.

(Circuit Court of Appeals, Eighth Circuit. August 18, 1922.)

No. 5590.

1. Evidence ⬦441(9)—Parol agreement to assume mortgage provable, when written contract provided for conveyance subject thereto.

Where contract for exchange of land provided for payment by plaintiff of $500, execution of note for $3,000, and conveyance of his property subject to a mortgage, evidence was admissible that defendant orally agreed to assume the mortgage, and that the note was given as a means of ena-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bling defendant to satisfy the incumbrance, as this agreement and the written contract were not inconsistent, or at least the written contract was not so certain as to exclude the oral agreement.

2. **Evidence** ⬅️**443(2)—Parol evidence rule not violated by proof of inducement to contract.**

It is not a departure from the parol evidence rule to prove matters of inducement to written contracts or contemporaneous or collateral oral agreements, such as the assumption of payment of incumbrances, on the sale or exchange of lands.

3. **Appeal and error** ⬅️**837(4)—Averment that contract merged in deed mere surplusage, when deed not introduced to prove it.**

In action for breach of contract for exchange of real property, defendant's allegation that the contract was merged in a deed was mere surplusage, which should be disregarded on appeal, where the deed was not introduced and the averment was not proved.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by Alonzo Meadows against W. E. Stewart. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Zumbrunn, of Kansas City, Mo. (E. E. Bowers, of Kansas City, Mo., on the brief), for plaintiff in error.

S. F. O'Fallon, of Oregon, Mo. (W. E. Stubbs, of Mound City, Mo., on the brief), for defendant in error.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. The defendant in error brought this action at law to recover damages of plaintiff in error for breach of a contract for the exchange of real property. The complaint set out in the first count of the petition, which alone is involved here, was, in substance, that the defendant agreed, as a consideration for plaintiff's land, to pay off a note for $3,000 secured by a deed of trust thereon, and that by the terms of the deed for the land defendant assumed and agreed to pay the debt, but that defendant failed to meet his obligation, wherefore plaintiff was compelled to pay the same. The answer consisted of a general denial and objections that there was a nonjoinder of parties on the ground that plaintiff's wife joined in the deed, and that the suit should have been upon the covenants of the deed. There was a trial to the court, upon written waiver of a jury. The court found in favor of the plaintiff, and judgment was rendered against the defendant for damages, consisting of principal and interest, aggregating $3,737.46.

The questions presented on the record are whether there was error in receiving the testimony of the plaintiff respecting a parol agreement, on which he relied, to the effect that the defendant was to assume and pay the charge against the land, in view of the terms of the written contract, and whether the plaintiff's remedy was upon the covenants of the deed. The written contract of the parties recites that the consideration to be rendered by the plaintiff was the sum of $10,000, "evidenced by $500 cash * * * and one promissory note

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for * * * $3,000 * * * as earnest money, * * * and the further sum of $6,500, evidenced by the following described property [description inserted] subject to a 6 per cent. mortgage due in about 9 months, with privilege of renewal. * * * " There are other provisions binding the parties to their obligations.

The testimony of the plaintiff was to the effect that in the negotiations prior to the execution of the written contract, it was agreed that, as about five acres of his land had washed away, he was to pay the defendant $500, and that as defendant declined to trade for incumbered property and proposed that if plaintiff would give his note for $3,000 to offset the debt of that amount against the land and with which to raise it, the defendant would pay that debt when due, this was agreed to, and the note was given by the plaintiff; that the defendant failed to pay the debt against the land, wherefore plaintiff was obliged to do so; and that he also paid the note for $3,000. There was no contrary testimony. Plaintiff's deed was not put in evidence.

In behalf of the defendant, it is contended the parol agreement was merged in the writing, and is in conflict with it in the respect that thereby the land was sold subject to the mortgage debt, and was therefore inadmissible in evidence, and further that the contract merged in the deed, wherefore plaintiff's remedy was confined to its covenants, but that he cannot recover for want of proof of the deed. Authorities are cited to sustain the fundamental rules that parol evidence is not admissible to contradict or vary a written contract, which is presumed to merge all prior negotiations and to express the final agreement of the parties, and that a contract for a conveyance is merged in a deed which controls the rights of the parties. But we regard these rules, which are not to be doubted, as inapplicable, under the facts in this case.

[1] We find no inconsistency between the parol agreement and the written contract. The recital that plaintiff's land was "subject to a 6 per cent. mortgage due in about 9 months with privilege of renewal" may well be taken as merely descriptive of the status of the title at the time, and is not in conflict with an express oral agreement to assume the mortgage debt. The purpose of rendering the note for $3,000 is not stated, leaving the field open to show that it was given as a means of enabling defendant to satisfy the incumbrance and that he assumed the obligation. At least there is no such certainty as to exclude the antecedent or contemporaneous oral agreement. Doubtless the fact that it was entered into explains the absence of any definite stipulation on the subject. Similarly it may be said there is no provision to explain why the cash payment of $500 was set out in the writing.

[2] Justice required the admission of the testimony concerning the parol agreement, and the law holds that under such circumstances it is not a departure from the fundamental rule meant to preserve the force of written instruments that matters of inducement to written contracts and contemporaneous or collateral oral agreements may be proved, such as the assumption or payment of incumbrances, where lands are sold or exchanged. 17 Cyc. 721, 741; 9 Ency. Ev. 350;

Chamberlayne Mod. Law·Ev. vol. 5, § 3553. We therefore hold there was no error in admitting the parol agreement between the parties in this case.

[3] Little need be said with regard to the supposed merger of the contract in the plaintiff's deed. He alleged in the petition that by its terms the defendant assumed the mortgage debt, and this was denied in the answer. The deed was not introduced, and in the absence of it, the averment stood unproved and was mere surplusage, which we should disregard. There is no occasion, therefore, to discuss or consider the force or effect of the deed.

The judgment was based on legal evidence, and it is accordingly affirmed.

HOOK, Circuit Judge, participated in the hearing of this case and concurred in the affirmance of the judgment, but died before this opinion was prepared.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes